NASHVILLE SAVINGS-BANK *v.* MAYOR AND CITY COUNCIL OF NASHVILLE.

### April Term, 1877.

INJUNCTION — DISSOLUTION. — A preliminary injunction ought not to be dissolved upon a question of law, unless plain beyond a reasonable doubt, nor because the equity of the bill is defectively stated, if it contain equity.

*Ruhm*, for complainant.
*McAllister*, for defendant.

THE CHANCELLOR : — Bill filed for relief against the col-

lection of municipal taxes, upon the ground that the original assessment of the complainant's property was excessive, and had been, upon proper application, reduced by the County Court, and that the defendant refused to recognize the reduction. The reduction in the assessment was from a valuation of $25,000 to a valuation of $3,850. The defendant has moved for a dissolution of the injunction granted against the collection of the taxes at the filing of the bill. The argument in support of the motion is rested exclusively upon questions of law, and turns primarily upon the want of equity on the face of the bill.

In *Quinn* v. *Leake*, 1 Tenn. Ch. 67, I held that a motion to dismiss a bill for want of equity on its face is limited, as a mode of defence, to cases where there is no matter of equity whatever, and will not reach a case proper for equitable relief, but defectively stated. In *Love* v. *Allison*, 2 Tenn. Ch. 111, I held that the same rule would apply, and with more force, to a motion to dissolve an injunction. For, the injunction being only a preservative process, the want of equity to sustain the injunction ought to be palpable to justify a dissolution. In *Owen* v. *Brien*, 2 Tenn. Ch. 295, I held that, upon a motion to dissolve an injunction, it was neither necessary nor proper for the court to decide the case upon its merits, because there was no mode, under our system of procedure, of correcting the errors, if any, made in the conclusions arrived at. If there is a probable right, and a probable danger to that right without the intervention of the court through its injunctive process, the injunction ought not to be interfered with. A dissolution sought upon a pure question of law should not be granted unless the question is plain beyond a reasonable doubt.

The motion now under consideration is urged, in the first instance, upon the wording of the Revenue Act of 1875, 81, 2. That section, after prescribing the mode of equalizing assessments of property for taxation, contains two provisos, thus:

"*Provided*, That nothing in this act shall be construed to restrict the power of the quarterly court to hear and determine applications as now provided by law in regard to alleged erroneous assessments, after the assessor shall have made his returns to the County Court; *Provided*, That such application shall be made at the first term of such quarterly court occurring more than thirty days after the return by the assessor, and never thereafter, excepting, however, as to non-residents, who shall have until the second term of said court, but not longer."

The allegation of the bill is, that as soon as the complainant became cognizant of the mistake in the assessment of its property, it made proper application to the County Court for the purpose of having the error corrected; complied with the law in such cases made and provided; the application was heard and determined by the County Court, and the assessment reduced. The argument of the defendant is, that the restriction upon the time of the application, in the second proviso, is mandatory, not directory, and must be literally complied with; and, therefore, that the bill is fatally defective in not stating positively, as a fact, that the application to the County Court was made at the first quarterly court occurring more than thirty days after the return of the assessor. This argument, to succeed, requires the court to determine a question of law of grave difficulty, the correct solution of which is of vital importance to the taxpayer. Is the second proviso a bed of unyielding iron, to which each property-holder must at his peril accommodate himself, without reference to his business qualifications, his physical or mental condition at the time, or the exigencies of his particular case? Or, is it simply a general directory provision, requiring a reasonable excuse for non-compliance to sustain an application at a subsequent period? If the latter, then the reasonableness of the excuse must, of course, be judged of by the County Court. To say the least, the question is by no means free from difficulty, and, we think, certainly ought not to be decided until the final

hearing, so that the losing side can have the opportunity of at once testing the correctness of the ruling by an appeal to the Supreme Court.

Another objection to a dissolution on this ground is, that the reduction of the assessment by the County Court gives the complainant a *primá facie* case for relief, and the objection raised may be due to unskilful drafting rather than to the real facts. Undoubtedly, in this case, the court judicially knows that the learned counsel of the complainant is incapable of unskilful drafting, and that any omission in the averments of the bill has been intentional, not by inadvertence. But the rules of practice must be conformed to the frailties of humanity, not to the exceptional accuracy of individuals. A bill which contains clear equity ought to be sufficient to sustain an injunction, even if defective in bringing out all the facts necessary to maintain the equity. For, if the rule were otherwise, a client's right might often be jeopardized by the haste or inadvertence of his counsel. An amendment of a bill sworn to is not a matter of course in order to sustain an injunction. There are authorities which hold that an amendment of the bill cannot be relied upon to continue a previous injunction ; and, although the weight of authority is probably different, there can be no doubt that the amendment is not of course, and its requirement in every case where the allegations of the bill are not *ad unguem* would be a serious inconvenience to suitors and lawyers. *Mayne* v. *Hochin*, 1 Dick. 255 ; *Horner* v. *Leeds*, 2 Stockt. Ch. 86 ; *Buckley* v. *Corse*, Saxt. 509.

The second and third grounds upon which the motion of dissolution is sought to be sustained turn upon one of the most difficult and unsettled questions of existing chancery law, namely, the jurisdiction of the court in matters of municipal taxation. Such questions, for the reason already given, ought not to be disposed of on a preliminary motion, but must be left to the hearing on the merits.

The fourth argument relied on is, that the bill is filed

against the wrong party, the law imposing the duty of collecting the city taxes on an officer over whom the defendant, has no control. But the city is entitled to the taxes when collected, and a necessary party to any litigation seeking to diminish the amount of receipts. Whether the officer is also a necessary party, and whether the present injunction is sufficient to protect the complainant, are questions not, raised by the motion.

Motion disallowed.